UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                No. 05-cr-251-01-JD
                                      Opinion No. 2006 DNH 142

Charles Murphy

O R D E R

On the eve of trial, defendant Charles Murphy moved to exclude government witnesses, exhibits, and evidence (document nos. 43, 44, and 45).  He contended that the government violated the Local Criminal Rules by filing its witness list on December 11, 2006, a day before jury selection, and by not filing any exhibit list.  See LCrR 16.1(f), (g) (requiring the parties to exchange exhibit lists and witness lists at least seven days before trial).  The defendant also contended that the government had not complied with the disclosure requirements pertaining to expert witnesses.  See Fed. R. Crim. P. 16(a)(1)(G) (providing that the government must give the defendant a written summary of any expert testimony it intends to introduce).[1]  Finally, the

---

[1] Although the Federal Rules only require disclosure of such material "[a]t the defendant's request," Fed. R. Crim. P. 16(a)(1)(G), the Local Rules make disclosure mandatory on a date certain.  See LCrR 16.1(a)(1) (providing that the government "shall disclose" the "information described in Fed. R. Crim. P. 16(a)(1) within fourteen (14) days after the arraignment unless the parties agree on a different date" or the defendant "declines

defendant asserted that the government had failed to make timely disclosures of potential exculpatory and impeachment evidence and of a statement by the defendant in its possession.  See LCrR 16.1(c) (requiring disclosure of exculpatory and impeachment material at least twenty days before trial); Fed. R. Crim. P. 16(a)(1)(B) (requiring the government to disclose any statements made by the defendant in the government's possession).  The government objected to each of the defendant's motions.

The court held a hearing on the defendant's motions on December 12, 2006, the day originally scheduled for jury selection.  After hearing argument from both parties, the court orally denied the defendant's motions, but ordered that the trial be rescheduled for January 2007.  With this order, the court further clarifies its ruling.

When a party fails to comply with the discovery provisions of Rule 16 of the Federal Rules of Criminal Procedure, "the district court may impose remedial measures or sanctions including prohibiting the violating party from introducing the evidence at trial."  United States v. Tajeddini, 996 F.2d 1278, 1287 (1st Cir. 1993) (citing Fed. R. Crim. P. 16(d)(2)).  "In

---

to receive that information").  Moreover, the defendant made a specific request, by letter dated April 10, 2006, for information concerning expert witnesses.

2

exercising its discretion to control discovery rule violations, the district court must inquire into the surrounding circumstances to determine whether the violating party acted in bad faith." Id.

At the December 12 hearing, the court was presented with conflicting accounts of how the parties arrived at the present state of affairs. The government conceded that it had violated the disclosure rules. The government argued, however, that it was involved in extensive and ongoing plea negotiations with the defendant over the past several months that have included multiple proffers by the defendant. The government was under the impression that the defendant was actively negotiating a plea agreement and anticipated that if the precise dimensions of that agreement could not be finalized before the December 12 trial date, the parties would agree to a continuance. According to the government, it was not aware of the defendant's intention to go to trial on December 12 until December 5 when defense counsel left a voice message on Assistant United States Attorney Alfred Rubega's phone stating that going to trial was one option, and then detailing other possible terms for a negotiated plea. The government contended that soon after receiving that message, it set about providing the defendant with the required information.

The defendant's attorney, Timothy Harrington, "categorically" denied the government's representation of ongoing plea negotiations, stating flatly that it was "[a]bsolutely not true." But after direct questioning by the court, Harrington backpedaled, acknowledging that there may have been plea discussions with the defendant's previous attorneys[2] and that he had personally engaged in some conversations with Attorney Rubega concerning a potential plea deal. Harrington acknowledged that on November 15, 2006, he received a letter from Rubega inquiring into a possible plea deal and that he wrote a letter in response outlining terms that would be agreeable to his client. He also admitted that he had a conversation with Rubega on November 30 in which Rubega communicated an offer by the government. Finally, he confirmed that he left a voice message for Rubega on December 5 rejecting the government's plea offer, restating the terms that would be acceptable to his client, and noting that the other option was to proceed to trial.

After the hearing, the court issued a procedural order requiring the government to produce a copy of Harrington's December 5 voice message. That recording has been marked as

---

[2]Harrington, who was appointed to represent the defendant on October 3, 2006, is the fourth attorney to represent the defendant in this matter.

Court Exhibit A and the court has listened to the message. Attorney Harrington's characterization of the lead-up to the December 12 trial date differs from what the court has concluded after listening to the message.  The tone of the message is one of continuing negotiation.  Although Harrington states in the message that "obviously, we can go to trial; that's always an option," he asks Rubega to consider his proposed plea terms and notes that the difference between his proposal and the government's is "not that significant."  Thus, the court does not doubt the government's good faith explanation for the untimeliness of its disclosures.

Nevertheless, the fact that the government and the defendant were engaged in ongoing plea negotiations does not excuse the government's noncompliance with the discovery rules.  The mandatory discovery provisions of Rule 16 were not designed merely to inform trial preparation.  Rather, they were intended to more broadly promote the "fair and efficient administration of criminal justice by providing the defendant with sufficient information upon which to base an intelligent plea; by minimizing the undesirable effect of surprise at trial; and by contributing to the accuracy of the fact finding process." United States v. Alvarez, 987 F.2d 77, 85 (1st Cir. 1993) (citing Fed. R. Crim. P. 16 advisory committee's note).  The government may not ignore

these provisions even when it believes, in good faith, that a case will be resolved before trial.  Rather than ignoring the deadlines in the rules, the government must comply with them or must obtain a waiver or an agreement with defense counsel, or obtain approval by the court where appropriate.

As the court noted at the December 12 hearing, the preclusion of evidence is a disfavored sanction for discovery violations, particularly where, as here, any prejudice to the defendant can be avoided by a continuance.  See Charles Alan Wright, Federal Practice and Procedure § 260 (3d ed. 2000) ("[T]he court should take into account the reasons why disclosure was not made, the extent of the prejudice, if any, to the [defendant], [and] the feasibility of rectifying that prejudice by a continuance."); cf. Tajeddini, 996 F.2d at 1288 (holding that the district court did not abuse its discretion in admitting statements made by the defendant that were not disclosed until three days before trial because the defendant would not have succeeded in suppressing the statements and there was no evidence that the government acted in bad faith).  To grant the defendant's motions to exclude witnesses, exhibits, and evidence would be tantamount to dismissing the case in its entirety.  Such a draconian sanction would be "grossly disproportionate both to

the prosecution's nonfeasance and any prejudice to the defense." <u>United States v. Josleyn</u>, 99 F.3d 1182, 1196 (1st Cir. 1996) (finding the district court did not abuse its discretion in refusing to dismiss the indictment).

In delayed disclosure cases, the First Circuit has repeatedly stated that the "criminal defendant must ordinarily seek a continuance if he intends to claim prejudice." <u>United States v. Beras</u>, 183 F.3d 22, 27 (1st Cir. 1999) (quoting <u>United States v. Sepulveda</u>, 15 F.3d 1161, 1178 (1st Cir. 1993)).  When defense counsel does not seek a continuance in such a situation, "a court often can assume that counsel did not need more time to incorporate the information into the defenses's game plan."  <u>Id.</u>  At the December 12 hearing, Harrington noted for the record that his client wished to proceed to trial as scheduled, but reluctantly acknowledged that he needed more time to prepare for trial.  Additionally, in the motion to exclude exhibits (document no. 44), Harrington states that as a result of the government's failure to file an exhibit list, "the defense has not been able to prepare for trial."  Thus, the court interpreted Harrington's concessions as a request for a continuance.  Although the court is sympathetic to the defendant's desire to proceed to trial expeditiously, given the potential consequences the defendant faces if convicted and the constitutional imperative that he have

effective representation, a short continuance is the best available remedy under the circumstances of this case.[3]

## Conclusion

For the foregoing reasons, and consistent with the court's oral order of December 12, 2006, and the procedural order of December 13, 2006 (document no. 53), the court denies the defendant's motions to exclude witnesses, exhibits, and evidence (document nos. 43, 44, and 45), and allows defense counsel a continuance in order to prepare for trial.

The government shall henceforth comply with all of the discovery obligations set forth in the Local Rules and the Federal Rules of Criminal Procedure.  In particular, the government shall, no later than December 27, 2006, comply fully with Local Rule 16.1(a)(1), which directs that the disclosure of

---

[3] It is also worth emphasizing that defense counsel shares in the blame for the present turn of events.  Harrington was aware of the disclosure issues days before he filed the motions on December 11.  As a result of Harrington's eleventh hour motion strategy, sixty New Hampshire citizens were forced to rearrange their lives in order to make themselves available for jury selection on December 12.  While the court attempted to alert the jurors that there would be no jury selection on December 12, several jurors did not receive the message in time and dutifully traveled to Concord only to be turned away.  Harrington's approach here gives the appearance of ill considered gamesmanship and has succeeded only in inconveniencing the jurors and the court.

the "information described in Fed. R. Crim. P. 16(a)(1)" should ordinarily be accomplished within two weeks of the arraignment. Though it should go without saying, the parties shall also be mindful of the due diligence and duty to supplement provision of the Local Rules.  <u>See</u> LCrR 16.2.

    SO ORDERED.

                                       /s/ Joseph A. DiClerico, Jr.
                                       Joseph A. DiClerico, Jr.
                                       United States District Judge

December 14, 2006

cc:   Stephen A. Cherry, Esquire
      Timothy M. Harrington, Esquire
      Alfred J.T. Rubega, Esquire