UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

    v.                                    Criminal No. 05-cr-251-JD

<u>Charles Murphy</u>


<u>O R D E R</u>

The defendant in this case has filed a motion to obtain a copy of the presentence investigation report for another defendant named Kelly Guay, who was sentenced by Judge McAuliffe in a related case (05-CR-174-01-SM).  Defense counsel requests a copy of the report, under seal, for the purpose of utilizing it in the sentencing hearing of defendant Murphy so that the criminal records of Murphy and Guay as well as other facts of their cases can be compared.  Defense counsel claims there is no other source from which the defendant can obtain the requested information.

As the court stated in <u>In Re: Boston Herald, Inc.</u> 321 F.3d 174, at 188 (1st Cir. 2003), . . . "presentence reports are presumptively confidential documents. 'The courts have typically required some showing of special need before they will allow a third party to obtain a copy of a presentence report'". (citations omitted).  In this case, defense counsel has not made a showing of any special need which would justify disclosure of

all or part of defendant Guay's presentence investigation report, for several reasons.

First, defendants are sentenced based on the particular facts pertaining to their cases and their individual backgrounds, taking into account the advisory sentencing guidelines and the factors set forth in 18 U.S.C. § 3553.  The case of United States v. Saez, 444 F.3d 15 (1st Cir. 2006) addresses the issue of sentencing uniformity and the practical objections to trying to make valid comparisons between defendants who have been sentenced by different judges.  As the court noted in that case, "such a comparison opens the door to endless rummaging by lawyers through sentences in other cases, each side finding random examples to support a higher or lower sentence, as their clients' interests dictate."  Id. at 19.  Saez does note that different considerations apply when the same judge sentences similarly situated defendants.  That is not the case here.  See also, United States v. Thurston, 456 F.3d 211 (1st Cir. 2006). Congress' goal of reducing disparity in sentencing similarly situated defendants is best furthered by appropriate consideration of the advisory guidelines which reflect national standards.

Second, defense counsel has stated that there is no other source from which he can obtain the requested information.  That

2

is not entirely so. The sentencing transcript for defendant Guay contains much of the information about the sentence in that case that defense counsel seeks to use in addressing the sentence in this case. The sentencing transcript, except for that part which is under seal, is a public record and can be provided to counsel without raising any confidentiality issues. Assuming, without deciding, that such information is relevant to sentencing in this case, the court has ordered a copy of that transcript prepared, with the exception of that part that has been sealed by Judge McAuliffe. Counsel for the defendant and the government will receive copies of the transcript as soon as it has been produced.

The motion to obtain a copy of the presentence investigation report is denied, provided however that the defendant and government will be provided with copies of the sentencing transcript in the Guay case, except for that part which is under seal.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

April 9, 2007

cc: Stephen A. Cherry, Esquire
    Timothy M. Harrington, Esquire
    Alfred J. T. Rubega, Esquire