UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                     Case No. 05-cr-251-01-JD

<u>Charles Murphy</u>

**O R D E R**

Defendant moves to reduce his sentence based upon the recent amendments to the Federal Sentencing Guidelines regarding cocaine base ("crack cocaine") offenses (document no. 94).  For the reasons stated below, the motion to reduce sentence is DENIED.

On May 1, 2007, the United States Sentencing Commission (the "Commission") submitted to Congress an amendment to the Federal Sentencing Guidelines that lowers the guideline sentencing range for certain categories of offenses involving crack cocaine. Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances.  This amendment took effect November 1, 2007.

Pursuant to 28 U.S.C. § 994(u), the Commission also determined that this guideline amendment would be applied retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are incarcerated.  The Commission set the effective date for the retroactive application of this amendment to be March 3, 2008, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment will be authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which he is presently incarcerated, it is determined that defendant is not eligible to seek a reduced sentence under this amendment.  On January 11, 2007, the above-named defendant pled guilty to an eight count indictment charging him with Conspiracy to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. §§ 846 and 841(a)(1); two counts of Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1); and five counts of Distribution of Cocaine, in violation of 21 U.S.C. § 841(a)(1).  The presentence report (using the November 1, 2006 edition of the Guidelines Manual) determined the defendant was responsible for 2.51 grams of cocaine base (or the equivalent of 50.2 kilograms of marijuana) and 57.42 grams of cocaine (or the equivalent of 11.48 kilograms

of marijuana), which resulted in a base offense level of 22. Because the defendant was determined to be a career offender, his base offense level was increased to level 32 pursuant to USSG §4B1.1.  After applying a three level reduction for acceptance of responsibility, the defendant's total offense level was determined to be 29.  The defendant's criminal history was determined to be VI and his advisory guideline range to be 151 to 188 months.

At the sentencing hearing, the court adopted the facts and findings in the presentence report (with one minor exception that had no impact on the sentencing range).  After granting a request for a four level departure, the court sentenced the defendant to 110 months imprisonment with a recommendation for the Bureau of Prisons drug treatment program and three years of supervised release.

The amended guideline range is determined by substituting only the retroactive crack cocaine amendment to the guidelines as applied at the original sentencing and all other guideline application decisions for the original sentencing remain unaffected.  After applying the retroactive application of the crack cocaine amendment, the defendant initially receives a two level reduction in the base offense level from level 22 to level 20.  There is no reduction in his total offense level, however,

because he was deemed to be a career offender. As a result, pursuant to USSG §1B1.10(a)(2)(B), the retroactive amendment does not have the effect of lowering the defendant's imprisonment guideline range.

Therefore, for the foregoing reasons, Defendant's motion to reduce sentence (document no. 94) is DENIED.

**SO ORDERED.**


Date:   June 11, 2008    _/s/ Joseph A. DiClerico, Jr._
                         Joseph A. DiClerico, Jr.
                         United States District Judge


cc:  Charles Murphy, pro se
     Counsel of Record