UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                         Case No. 05-cr-251-01-JD

Charles Murphy


**O R D E R**

    Defendant moves, for the second time, to reduce his sentence based upon the recent amendments to the Federal Sentencing Guidelines regarding cocaine base ("crack cocaine") offenses (document no. 113). For the reasons stated below, the motion to reduce sentence is DENIED.

    On May 21, 2007, the defendant moved for a sentence reduction based on the crack cocaine amendments (doc. no. 94). By order dated June 11, 2008 (doc. no. 96), the court denied that request. Specifically, the court determined that the defendant was not entitled to a sentence reduction due to his career offender status. The defendant neither moved for reconsideration nor appealed that decision.

    In his second motion, the defendant acknowledges that he was classified as a career offender. He argues, however, that his sentence was based on the drug quantity table because the court

used that guideline in a series of calculations leading up to the sentencing range ultimate applied to his sentence. Citing <u>United States v. Poindexter</u>, 550 F. Supp. 2d 578 (E.D. Pa. 2008), the defendant maintains he is entitled to a sentence reduction.  The defendant's position, however, is contrary to both fact and law.

As stated in the original order (doc. no. 96),

> [t]he presentence report (using the November 1, 2006 edition of the Guidelines Manual) determined the defendant was responsible for 2.51 grams of cocaine base (or the equivalent of 50.2 kilograms of marijuana) and 57.42 grams of cocaine (or the equivalent of 11.48 kilograms of marijuana), which resulted in a base offense level of 22.  Because the defendant was determined to be a career offender, his base offense level was increased to level 32 pursuant to USSG §4B1.1.  After applying a three level reduction for acceptance of responsibility, the defendant's total offense level was determined to be 29.  The defendant's criminal history was determined to be VI and his advisory guideline range to be 151 to 188 months.
>
> At the sentencing hearing, the court adopted the facts and findings in the presentence report (with one minor exception that had no impact on the sentencing range).  After granting a request for a four level departure, the court sentenced the defendant to 110 months imprisonment with a recommendation for the Bureau of Prisons drug treatment program and three years of supervised release.

Thus, contrary to the defendant's factual assertion and contrary to the facts presented in <u>Poindexter</u>, the court did not depart from the career offender base offense level (32) in order to sentence the defendant on the base offense level from the drug

quantity table (22).  Most significantly, the exact argument advanced by the defendant here was rejected as a matter of law by the First Circuit in <u>United States v. Caraballo</u>, 552 F.3d. 6, 9 (1st Cir. 2008):

> Refined to bare essence, the defendant's suggestion is that, even though his sentence was not dictated exclusively by the crack cocaine guideline, it was "based on" that guideline because that guideline was a way station along the road that the district court traveled in arriving at the appropriate sentencing range. He insists that, given this imbrication, Amendment 706 unlocks section 3582(c)(2) and authorizes the district court, on his motion, to recalculate his sentencing range and determine anew, in light of generally applicable sentencing factors, see 8 U.S.C. § 3553(a), whether a sentence reduction is warranted.
> We are not persuaded.

Therefore, for the foregoing reasons, Defendant's motion to reduce sentence (document no. 113) is DENIED.

**SO ORDERED.**

Date: March 6, 2009                **/s/ Joseph A. DiClerico, Jr.**
                                   Joseph A. DiClerico, Jr.
                                   United States District Judge


cc:   Charles Murphy, pro se
      Counsel of Record