UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

v.                                    Criminal No. 05-cr-251-01-JD

<u>Charles Murphy</u>

O R D E R

In January, 2007, Charles Murphy pled guilty to eight counts
alleging various drug offenses.  He was sentenced to 110 months
in prison and 3 years of supervised release.  Murphy did not
pursue a direct appeal of his conviction or sentence, but on June
9, 2008, he moved, pursuant to 28 U.S.C. § 2255, to vacate, set
aside, or correct his sentence.  <u>See</u> <u>Murphy v. United States</u>,
Civ. No. 08-cv-224-JD.[1]  Murphy's § 2255 motion was denied in two
orders.  Civ. doc. nos. 10, 14.  Murphy moved for a certificate
of appealability, which was denied, and he appealed the denial of
his § 2255 motion.  The First Circuit denied Murphy's application
for a certification of appealability and terminated his appeal.
<u>Murphy v. United States</u>, No. 09-1233 (1st Cir. Apr. 30, 2009);
Civ. doc. no. 23.

Proceeding pro se, Murphy now moves, under Federal Rule of
Civil Procedure 60(b)(6), to vacate his sentence and dismiss the

---

[1]Docket entries in Murphy's civil case will be referred to
with the abbreviation "Civ. doc. no."  Docket entries in Murphy's
criminal case will be referred to with the abbreviation "Crim.
doc. no."

indictment against him. Without objecting directly to Murphy's motion, the government moved to dismiss the motion. Murphy objected to the government's motion to dismiss.

## Background

On November 16, 2005, a federal grand jury returned an indictment charging Murphy with one count of conspiring to possess with the intent to distribute, and to distribute, cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1); two counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1); and five counts of distributing cocaine, in violation of 21 U.S.C. § 841(a)(1). Crim. doc. no. 1. After the appointment and withdrawal of three other attorneys,[2] Attorney Timothy Harrington was appointed to represent Murphy on October 3, 2006. Pursuant to the terms of a plea agreement, Murphy pled guilty to each of the counts against him on January 11, 2007. On March 9, 2007, Attorney Harrington moved to withdraw from the case because Murphy had requested that he do so and because there had been an irreparable breakdown in their attorney-client relationship. See Crim. doc. no. 60. After a hearing, the court denied the motion to withdraw. Harrington represented Murphy during his sentencing on May 30, 2007. The court imposed a total sentence of 110 months in prison followed by 3 years of supervised release.

---

[2]Two of the attorneys withdrew at Murphy's request.

2

On June 9, 2008, Murphy filed his § 2255 motion, alleging that Attorney Harrington provided ineffective assistance of counsel because he failed to review the presentence investigation report ("PSR") with Murphy, failed to make certain objections to the PSR, and failed to present mitigating evidence at Murphy's sentencing.  Murphy also argued that the court erred by giving improper weight to certain sentencing factors.

The government moved to dismiss Murphy's motion as untimely. Civ. doc. no. 5.  The court granted the motion to dismiss because the § 2255 motion was untimely and Murphy provided no explanation for its untimeliness, and judgment was entered against him.  Civ. dkt. entries for 7/31/2008.  Murphy then moved to amend the judgment, on the ground that he did not receive the government's motion to dismiss.  Murphy also argued that his § 2255 motion was timely.  The court initially denied Murphy's motion to amend but then sua sponte vacated that order and granted the motion.  See Civ. dkt. entries for 9/8/2009, Civ. doc. no. 9.  The court then granted the government's motion to dismiss with respect to the portion of Murphy's § 2255 motion alleging that the trial court gave improper weight to the sentencing factors in 18 U.S.C. § 3553(a).

After the government filed its objection to the remainder of Murphy's § 2255 motion and Murphy responded to the objection, the court issued an order denying the § 2255 motion on January 14, 2009.  Civ. doc. no. 14.  The court explained that Murphy's

3

allegation that Attorney Harrington did not review the PSR with
Murphy was belied by the record, which showed that Murphy
received a copy of the PSR a month and a half before his
sentencing, and that Harrington submitted eleven objections to
the probation officer that Murphy wished to make. Moreover,
Murphy was present at his sentencing, did not object to
Harrington's statements, and told the court he had nothing
further to add. The court rejected Murphy's argument regarding
Harrington's failure to object to the prior convictions in the
PSR because the convictions were presumptively valid. Murphy's
argument that Harrington failed to present certain mitigating
evidence at sentencing was also rejected because the record
reflected that Harrington had, in fact, presented that mitigation
evidence and argument at sentencing.

On February 6, 2009, Murphy filed both a notice of appeal
and a motion for a certificate of appealability. Civ. doc. nos.
16, 17. This court denied Murphy's motion, and the First Circuit
denied his appeal. Civ. doc. nos. 18, 23.

## Discussion

On July 6, 2010, Murphy filed a motion under Federal Rule of
Civil Procedure 60(b)(6), arguing that the indictment should be
dismissed because it did not contain the proper mens rea for a
conviction under sections 841(a)(1) and 846. See Crim. doc. no.
122. Murphy contends that Attorney Harrington, as well as the

4

two previous appointed attorneys, were ineffective for failing to challenge the indictment's sufficiency. Murphy also argues that he was not charged under the penalty provisions of 21 U.S.C. § 841(b), which violated his rights under the Fifth Amendment to the U.S. Constitution.

Without objecting to Murphy's motion or otherwise responding to it on the merits, the government moves to dismiss the motion. See Crim. doc. no. 123. The government contends that Murphy's motion is an impermissible second § 2255 motion, that Murphy has abused the writ of habeas corpus by failing to raise his arguments in his first § 2255 motion, and that the First Circuit has not authorized Murphy to pursue a second § 2255 motion, leaving this court without jurisdiction to decide the motion. The government also argues that, even if the court considered Murphy's motion under Rule 60(b)(6), it should be denied as untimely.

Murphy objects to the government's motion to dismiss, arguing that his delay in filing his Rule 60(b)(6) motion is justified because he is not an attorney and therefore he did not know of the allegations he is now raising when he filed his § 2255 motion. See Crim. doc. no. 124.

## A. Applicability of Rule 60(b)

Rule 60(b) allows a court, in a variety of enumerated circumstances, to "relieve a party . . . from a final judgment,

order, or proceeding." Rule 60(b)(6), the "catch-all" provision,
permits the court to do so for "any other reason that justifies
relief." Murphy filed his motion in his criminal case, however.
Criminal cases are governed not by the Federal Rules of Civil
Procedure, but rather by the Federal Rules of Criminal Procedure.
See Fed. R. Civ. P. 1 ("[These rules govern the procedure in all
civil actions and proceedings.") (emphasis added); Fed. R. Crim.
P. 1(a)(1) ("These rules govern the procedure in all criminal
proceedings.") (emphasis added). As filed, therefore, Rule 60(b)
cannot provide the relief Murphy seeks. Murphy is proceeding pro
se, however, and therefore his motion will be construed
liberally. See, e.g., United States v. Ciampi, 419 F.3d 20, 24
(1st Cir. 2005) ("pro se habeas petitions normally should be
construed liberally in petitioner's favor"); Boivin v. Black, 225
F.3d 36, 43 (1st Cir. 2000) ("courts hold pro se pleadings to
less demanding standards than those drafted by lawyers").

Turning to the Federal Rules of Criminal Procedure, Rule
35(a) allows the court to "correct a sentence that resulted from
arithmetical, technical or other clear error," while Rule 35(b)
allows the court, upon the government's motion, to reduce a
sentence if the defendant "provided substantial assistance in
investigating or prosecuting another person." A motion under
Rule 35(a) must be brought within fourteen days after sentencing,
while a motion under Rule 35(b) must be brought by the government
within one year of sentencing. Construed as a request under Rule

35(a), therefore, Murphy's motion fails because it was filed in July of 2010, more than three years after his sentencing. Moreover, with respect to Rule 35(b), the government did not file a motion within one year of Murphy's sentencing indicating that he provided substantial assistance.

## B.    28 U.S.C. § 2255

Murphy argues that his motion should not be treated as a § 2255 petition.  The Court of Appeals for the First Circuit, however, has made it clear that "a Rule 60(b) motion that principally challenges the constitutionality of a habeas petitioner's underlying conviction should be treated as a second or successive habeas petition under the Antiterrorism and Effective Death Penalty Act."   Munoz v. United States, 331 F.3d 151, 152 (1st Cir. 2003).  Here, Murphy argues that the indictment was defective and that three of his attorneys provided ineffective assistance of counsel by failing to object to the indictment.  He contends that his sentence must be vacated because his rights under the Fifth, Sixth, and Fourteenth Amendments were violated.  Murphy's motion, then, principally challenges the constitutionality of his underlying conviction and sentence.  As such, the motion constitutes a second and successive § 2255 petition.  See Lara v. United States, No. 00-554-ML, 2008 WL 608323, at *4 (D.R.I. Mar. 4, 2008) (where defendant's motion "does not contest any procedural irregularity

in the procurement of the judgment dismissing his § 2255 motion
but rather seeks to attack the validity of his underlying
conviction and sentence . . ., the motion indisputably
constitutes a second and successive § 2255 petition") (citing
Munoz, 331 F.3d at 153).

Because his motion is a second and successive petition,
Murphy may not file it without the authorization of the appellate
court, which he has not received. The requirement for pre-
authorization is "an allocation of subject-matter jurisdiction to
the court of appeals." United States v. Barrett, 178 F.3d 34, 41
(1st Cir. 1999) (quotation marks omitted). "[A] district court,
faced with an unapproved second or successive habeas petition,
must either dismiss it or transfer it to the appropriate court of
appeals." Id., 178 F.3d 34, 41. Murphy's motion is dismissed
for lack of jurisdiction.

## Conclusion

For the foregoing reasons, Murphy's motion under Rule
60(b)(6) (doc. no. 122) is denied. The government's motion to
dismiss (doc. no. 123) is granted.

## Certificate of Appealability

The Rules Governing Section 2255 Proceedings require the
court to "issue or deny a certificate of appealability when it
enters a final order adverse to the party." Rule 11(a). The

court will issue the certificate "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Murphy has failed to make such a showing.  Accordingly, a certificate of appealability is denied.

    SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

August 30, 2010

cc:   Charles Murphy, pro se
      Alfred J.T. Rubega, Esq.
      Aixa Maldonao-Quinones, Esq.